UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LAWSON,

      Plaintiff,

                                 CASE NO: 5:15-CV-559

vs.

CITY OF SAN ANTONIO

      Defendant.

_____/

## COMPLAINT

      Plaintiff, James Lawson, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues The City of San Antonio, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 *et seq*., ("Americans With Disabilities Act" or "ADA"),  and the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

      1.     This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq*. ("the Rehabilitation Act").  This Court is vested with original jurisdiction

under 28 U.S.C §§1331 and 1343.

2.    Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Texas.

3.    Plaintiff, James Lawson (hereinafter referred to as "Lawson") is a resident of Texas and is a qualified individual with a disability under the ADA. Lawson suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has multiple sclerosis and requires the use of a wheelchair for mobility and has limited use of his upper extremities.  Prior to instituting the instant action, Lawson visited the Alamo Dome at issue in this matter, in June 2015, and was denied full, safe and equal access to the subject property due to the lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 22, below, that he personally encountered. Lawson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4.    The Defendant, City of San Antonio (hereinafter referred to as " San Antonio" or "Defendant") is a municipal corporation and a political subdivision of the State of Texas.  Upon information and belief, San Antonio is the operator,

owner and/or lessee of the programs and services offered by San Antonio at the Alamo Dome located at 100 Montana Street, San Antonio, Texas (hereinafter referred to as the "Facility").

5.     All events giving rise to this lawsuit occurred in the Western District of Texas.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.     Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-5 as if expressly contained herein.

7.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8.     In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9.     "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

10.     Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and

members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

11.    Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12.    The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA.  In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG, as codified at 36 CFR Part 1191, Appendices B and D,[1] applies to the Defendant's Facility at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein is not unduly burdensome within the meaning of the ADA.

13.    Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the Alamo Dome.

14.    Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject Facility as mandated by federal law.

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012.  However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the Alamo Dome  (perhaps all of them) inaccessible to wheelchair users such as Plaintiff.

15.     Defendant's failure to have fully implemented all structural modifications at the City has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject Facility.

16.     Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of his disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of his disability has been, and continues to be, arbitrary, knowing and intentional.

17.     Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

18.     Plaintiff was subjected to discrimination when he attempted to access the Alamo Dome and avail himself to the programs, services and activities offered there by Defendant.   Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and activities at the Facility continues to exist.

19.     Defendant has discriminated against Plaintiff by denying him full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

20.     Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment the progress, services and activities offered at the subject Facility in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

21.     Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair access, accessible parking, accessible routes, accessible ticketing, accessible seating, and accessible toilet rooms and concessions.

22.     Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following violations, *inter alia*:

(i)     There are an insufficient number of accessible parking spaces and van accessible parking spaces provided in the parking lots and those provided are too far from the accessible entrance;

(ii)     There is no directional accessible signage that designates the accessible route from the accessible parking in lot "A";

(iii)     The ramp from the accessible parking in lot "A" to the building entry is too steep and long with handrails that are too high and broken.  In addition, there are no level landings;

(iv)     There are no accessible parking spaces provided in lots "B" and "C";

(v)     The access from parking lots "B" and "C" to the buildings is by way of stairs and a ramp that is too steep and has no handrails and no landings;

(vi)     The exterior ticket windows on the south side of the building are out of reach for a wheelchair user;

(vii)     The exterior ticket windows on the north side of the building are out of reach for a wheelchair user;

(viii)     The ramp that access the building from the street below is too steep and has no level landings;

(ix)     There are insufficient number of wheelchair accessible and complaint seating positions and those that are provided are not properly dispersed and some lack unobstructed sight lines;

(x)     The accessible seating positions on the plaza level are only on the north and south sides and are not dispersed;

(xi)     The accessible seating positions on the plaza level are not marked;

(xii)     The lines of sight are obstructed at the accessible seating positions on the plaza level;

(xiii)     There are no accessible seating locations in the box seats on the east and west sides;

(xiv)     There are no aisle accessible seating positions;

(xv)     The accessible seating locations on the club level are located on the north and south sides and are not dispersed;

(xvi)     The accessible seating locations on the club level are not marked;

(xvii)     In the accessible restroom in Section 220 on the club level, the lavatory is in the clear transfer space of the water closet necessary for a wheelchair user to use the water closet;

(xviii)     In the accessible restroom in Section 214 on the club level, the lavatory is in the clear transfer space of the water closet necessary for a wheelchair user to use the water closet;

(xix)     The accessible seating locations on the upper level are not dispersed;

(xx)     The accessible seating location on the upper level are not marked;

(xxi)     There are no accessible seating locations in the lower level telescoping seating;

(xxii)     The lowered accessible concession service counters are not marked;

(xxiii)     Accessible seating locations are not shown on online ticket purchase charts.

23.     There are other current barriers to access and violations of the ADA of the ADA at the subject Facility which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

25.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and Facility to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the

subject programs, services and Facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.  That the Court declare that the programs, services and activities offered at the Facility owned, operated and administered by Defendant, are violative of the ADA;

B.  That the Court enter an Order directing Defendant to alter its Facility to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.  That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

26.  Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

27.  As more fully described above, Plaintiff is an individual with a disability.

28.  Furthermore, the Plaintiff is a Texas resident who does or would like to frequent the programs, services, and activities offered at the Facility that is

currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and activities provided at the Facility.

29.     Defendant's acts and omissions that result in unequal access to the programs, services, and activities provided by Defendant at the Facility as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.*

30.     Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff.  Upon information and belief, the programs, services and activities at issue in this cause at the Facility have benefited from federal financial assistance.

31.     Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in his attempts to receive full, safe and equal access to the services offered by Defendant.

32.     Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the violations detailed in paragraph 22 above, which are incorporated herein by reference.

33.    Upon information and belief, there are other current violations of the Rehabilitation Act in the subject Facility and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A      That this Court accept jurisdiction of this case and declare that the programs, services and activities offered at the Facility owned, operated and administered by Defendant are discriminatory and are violative of the Rehabilitation Act;

B.     That the Court enter an order requiring Defendant to alter its Facility to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C.     That the Court enter an order directing Defendant to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court enter an order mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and activities offered at the Facility; a review of all policies and practices that govern the administration of such programs, services and activities at the Facility; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E.     That the Court enter an order mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or

administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject Facility;

F.      Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G.      Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 8th day of July 2015.


                        Respectfully submitted,


                        By:   /s/ Edward I. Zwilling_____
                                Edward I. Zwilling, Esq.
                                Alabama State Bar No.: ASB-1564-L54E




**OF COUNSEL:**
Schwartz, Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:  (205) 822-2701
Facsimile:  (205) 822-2702
Email:      ezwilling@szalaw.com